1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MASOUD KHAZALI,

                                Plaintiff,

        v.

KING COUNTY, *et al*.,

                                Defendants.

CASE NO. C20-0270-BJR-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

        This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Masoud Khazali filed the instant action while he was confined at the South Correctional Entity Jail (SCORE), though he has since been released from custody.  He has been granted leave to proceed with this action *in forma pauperis*.  Service has not been ordered.  This Court, having reviewed plaintiff's original and amended complaints, and the balance of the record, concludes that plaintiff has not stated any viable claim for relief in this action.  This Court therefore recommends that plaintiff's original and amended complaints, and this action, be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

        Plaintiff submitted his civil rights complaint to the Court for filing on February 20, 2020.

REPORT AND RECOMMENDATION
PAGE - 1

(*See* Dkt. 1.)  Plaintiff's complaint, though not a model of clarity, purported to assert claims against the following five defendants:  King County; the City of Shoreline; the Cascade Clinic, a private behavioral health treatment center in Tukwila, Washington; the SCORE jail; and, the City of Seattle.  (*See* Dkt. 10 at 1.)  Plaintiff identified three claims in his complaint.  (*See id*.)  Plaintiff asserted in count one of his complaint that the five named defendants had conspired to defraud the citizens of the United States and "torture the poor to get rich."  (*Id*. at 4.)  Plaintiff went on to allege that defendants tortured him for over 33 days, by forcefully injecting him with painful and lethal drugs, because he wrote a book revealing their corruption and sued them in federal court. (*Id*. at 5.)  Plaintiff also alleged that defendants restrained him from visiting his child and took custody of the child to punish him for expressing his grievances, and that King County intimidated him into accepting a guilty plea for "hugging his child."  (*Id*.)  Plaintiff suggested that defendants' conduct violated 18 U.S.C. § 373, a federal criminal statute outlawing solicitation to commit a crime of violence.  (*Id*. at 4.)

In the second count of his complaint, plaintiff appeared to assert that the City of Shoreline and the City of Seattle failed to protect him and his child from "kidnappers" and, in fact, helped the kidnappers "to succeed in their 'false' report that they kept the child for safety and from possible harm from me."  (*Id*. at 6.)  Plaintiff's reference to "kidnappers" appeared to be a reference to unnamed officials who removed plaintiff's child from his custody in 2014.  (*Id*.)  Plaintiff also appeared to assert in the second count of his complaint that when he "expressed his rights" to the court during the course of his criminal prosecution, the court and/or the kidnappers took revenge by labeling plaintiff mentally ill and taking his family away and torturing him.  (*See id*.)

In the third count of his complaint, which plaintiff entitled "Right to justice," plaintiff asserted that county judges and court appointed public defenders are paid by the county and are

REPORT AND RECOMMENDATION
PAGE - 2

1  therefore not independent of the county, and that because of this financial dependence judges keep

2  the county budget in mind when dispensing justice.  (*Id.* at 7-8.)  Plaintiff further asserted that the

3  judges work closely with public defenders who are given financial incentives to recommend their

4  clients accept guilty pleas rather than go to trial and who will threaten their clients if necessary to

5  get the higher "commission" paid for guilty pleas.  (*See id.*)

6       After reviewing plaintiff's complaint, this Court determined that the pleading was deficient

7  in various respects and, thus, on April 20, 2020, this Court issued an Order declining to serve

8  plaintiff's complaint and granting him leave to amend.  The Court explained in its Order that,

9  pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, in order for a pleading to state a

10  claim for relief it must contain a short and plain statement of the grounds for the court's

11  jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief,

12  and a demand for the relief sought.  (Dkt. 11 at 3.)  The Court explained as well that the statement

13  of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is

14  and the grounds upon which it rests."  (*Id.*, citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).)  The

15  Court then set forth the standards for stating a claim for relief under § 1983, including the

16  requirement that a plaintiff seeking to impose liability on a municipality under § 1983 must identify

17  a municipal "policy" or "custom" that caused his or her injury.  (*Id.*, citing *Bryan County*

18  *Commissioners v. Brown*, 520 U.S. 397, 403 (1997).)

19       After identifying the basic pleading requirements, the Court identified for plaintiff the ways

20  in which his pleading was deficient.  Specifically, the Court advised as follows: (1) plaintiff's

21  pleading was generally deficient because it did not comply with the requirements of Rule 8(a); (2)

22  plaintiff identified four municipal entities as defendants but failed to clearly identify any municipal

23  policy or custom of the named entities that caused him harm of federal constitutional dimension;

REPORT AND RECOMMENDATION
PAGE - 3

(3) one of the named defendants, the Cascade Clinic, did not appear to be a state actor for purposes of § 1983; (4) plaintiff's claim that defendants conspired to violate a federal criminal statute, 18 U.S.C. § 373, did not provide any viable basis for relief in a federal civil rights action; (5) plaintiff's claims regarding the defendants' alleged involvement in the "kidnapping" of his child were likely barred by the statute of limitations; and (6) any claims intended to challenge plaintiff's criminal convictions were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court's Order declining to serve plaintiff's complaint, though sent to plaintiff at his address of record, was returned to the Court as undeliverable on April 29, 2020. (*See* Dkts. 9, 14.) Shortly thereafter, on May 6, 2020, the Court received an amended complaint from plaintiff which, like his original complaint, failed to state any viable cause of action under § 1983. (Dkt. 15.) Plaintiff contacted the Court on or about May 15, 2020, advising that he no longer had an address at which he could receive mail, and contacted the Court again on June 22, 2020, advising that he had an address at which he could again receive mail. (*See* Dkt. 16.)

Because plaintiff never received the Court's Order advising him of the specific deficiencies in his original complaint, and because the amended complaint submitted by plaintiff without the benefit of that Order was also deficient, the Court directed the Clerk to re-send its prior Orders to plaintiff and granted him a final opportunity to submit a viable complaint. (Dkt. 18.) Plaintiff was advised that any amended complaint would have to be filed not later than September 11, 2020, and that if he failed to timely file an amended complaint the Court would recommend that this action be dismissed. (*Id.* at 2.) Plaintiff did not respond in any fashion to the Court's last Order and plaintiff has yet to file a viable amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court

REPORT AND RECOMMENDATION
PAGE - 4

may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to state any viable claim for relief in his original or amended complaints, and because plaintiff has made no effort to correct the deficiencies previously identified by the Court, this action must be dismissed.

<u>CONCLUSION</u>

Based on the foregoing, this Court recommends that plaintiff's original and amended complaints (Dkts. 10, 15) be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

<u>OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on .

DATED this <u>16th</u> day of November, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5